Filed 5/19/26  P. v. Navarro CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSEPH ANTHONY NAVARRO,<br><br>    Defendant and Appellant. | H052779<br>(Santa Clara County<br>Super. Ct. No. F2301438) |

In 2024, Joseph Anthony Navarro was charged, among other things, with inflicting corporal punishment on the mother of his child, threatening to kill or inflict great bodily injury, and violating a stay-away order.  Navarro applied for mental health diversion, but his application was denied, and he entered into a plea agreement.  The trial court suspended imposition of sentence and placed Navarro on probation for three years.

Navarro appealed, but the trial court denied his request for a certificate of probable cause.  Counsel was then appointed to represent Navarro on appeal.  Counsel filed an opening brief describing the case and the underlying facts, but raised no issues.  We notified Navarro of his right to submit written argument on his own behalf, but received no response.

Accordingly, pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*) and *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*), we have reviewed the record.  We conclude that there is no arguable issue for appeal and therefore affirm the judgment.

# I. BACKGROUND

According to the briefing and hearing on Navarro's application for diversion, Navarro dated S.T. for five years, and they had two children together. (To protect the victim's privacy, we refer to her using initials. (See Cal. Rules of Court, rule 8.90(b)(4).)) However, throughout their relationship, which began in 2018, Navarro abused S.T., leading to two prior convictions in 2020 and the 2024 convictions at issue on appeal.

## A. Prior Convictions

In November 2020, Navarro was convicted of two counts of inflicting corporal punishment on the mother of his child under Penal Code section 273.5 and placed on three years of formal probation. (Subsequent undesignated statutory references are to the Penal Code.)

The first conviction arose out of repeated physical and sexual abuse by Navarro in 2019 and 2020. In one alleged incident, Navarro shoved S.T. while she was holding their then-two-month-old daughter. In another, after discovering S.T. had cheated on him, Navarro punched S.T. in the head, and she pepper-sprayed him. On a third occasion, during an argument, Navarro pulled out a knife, placed its point against S.T.'s neck, and said, "shut the F up or I'll f****ing kill you."

The second conviction arose out of an incident in July 2020, after S.T. reported the prior incidents to the police. In this later incident, Navarro grabbed S.T.'s neck after she told him that she was going to pick up her other child from that child's father.

## B. The Underlying Conduct

This case arises out of an incident in August 2023, while Navarro was still on probation for the 2020 convictions. At the time, S.T. was living in a motel with a two-month-old son that she had recently had with Navarro. She invited Navarro over to watch a football game, and the two drank several alcoholic beverages. At some point,

S.T. began looking at TikTok videos, which led Navarro to think that she was looking at photos of a man who had messaged her earlier.

Navarro accused S.T. of cheating on him, and after S.T. denied doing so, Navarro grabbed her by the neck and pulled her by the hair. When S.T. stood up from the bed where the two had been seated, Navarro pushed her back down, again grabbed her neck, and retrieved a gun from his backpack. He pointed the gun at her cheek and said that he was going to kill her. Navarro then racked the gun, ejected a bullet from the chamber, put the gun below S.T.'s left eye, and told her to look at the trigger, which he said he was going to pull.

When S.T. refused to look at the trigger, Navarro hit her on the face with the gun, again grabbed her neck, and covered her mouth and part of her nose. However, S.T. bit Navarro and escaped the room.

Law enforcement officers found S.T. in tears with swelling and bruising around her left eye as well as scratches on her right cheek and bruises on one knee and lower leg. A subsequent physical examination found bruising on S.T.'s neck.

## C. Charges

Navarro was arrested, and a September 2024 indictment charged him with four felonies: (1) inflicting corporal injury on the mother of his child in violation of section 273.5, subdivision (a); (2) assault with a firearm in violation of section 245, subdivision (a)(2); (3) threatening to kill or inflict great bodily injury in violation of section 422, subdivision (a); and (4) possession of a firearm by a felon in violation of section 29800, subdivision (a)(1). Navarro also was charged with two misdemeanors: child endangerment in violation of section 273a, subdivision (b) and violation of a protective order in violation of section 166, subdivision (c)(1). In the felony counts, the complaint alleged, both as an aggravating circumstance and a sentencing enhancement under section 1170, subdivision (b), that Navarro committed the offenses while on probation.

### D. Mental Health Diversion

In March 2024, Navarro applied for mental health diversion pursuant to section 1001.36. He asserted that he suffered from depression and social anxiety disorder; when the charged incidents occurred he was unable to afford the co-payments for his mental health medication, which exacerbated his paranoia; his condition would respond to mental health treatment; and he would consent to diversion and waive his right to a speedy trial.

In an August 2024 hearing on the application, the trial court found that Navarro had satisfied these requirements. Nevertheless, the trial court denied diversion because it found that Navarro posed an unreasonable risk to public safety and in particular to S.T. Navarro, the court observed, "had almost every single lethality warning sign that we look for when looking at domestic violence," and the court therefore concluded that it was possible that Navarro would commit a super strike or even kill S.T. or another domestic partner.

### D. The Plea and Sentencing

Shortly after the denial of mental health diversion, Navarro entered into a plea agreement. Under this agreement, count 1 of the indictment was amended to charge a slightly more serious offense: inflicting corporal punishment upon his child's mother within seven years of conviction of a similar offense in violation of section 273.5, subdivision (f). In addition, Navarro pleaded no contest to that charge (amended count 1), to threatening to kill or inflict great bodily injury (count 3), and to disobeying a court order (count 6).

In November 2024, the trial court suspended imposition of sentence and placed Navarro on formal probation for three years, the minimum permitted for violating section 273.5. (See § 273.5, subd. (g) [requiring imposition of probation according to section 1203.097]; § 1203.097, subd. (a)(1) [requiring "[a] minimum period of probation of 36 months"].) The court also imposed a county jail sentence of 364 days, which it

4

deemed served because Navarro had 633 days of credits. Finally, finding that Navarro lacked the ability to pay fines, the trial court did not impose any assessments.

Navarro filed a timely notice of appeal. He simultaneously requested a certificate of probable cause to challenge the denial of his motion for mental health diversion, but the trial court denied the request.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106, but have found no arguable issue on appeal. As a general rule, a guilty or no contest plea waives all appellate challenges except those based on constitutional, jurisdictional, or other grounds concerning the legality of the proceedings. (*People v. Richardson* (2021) 65 Cal.App.5th 360, 369; *People v. Voit* (2011) 200 Cal.App.4th 1353, 1364.) In addition, absent a certificate of probable cause from the trial court, under the Penal Code "[n]o appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere." (§ 1237.5.) Here, Navarro pleaded no contest, and the trial court denied Navarro's request for a certificate. In addition, there is no apparent error in Navarro's sentence. Accordingly, we conclude that Navarro has no arguable grounds for appeal and that appellate counsel has complied fully with her responsibilities. (*Wende*, *supra*, 25 Cal.3d at p. 441.)

## III. DISPOSITION

The judgment is affirmed.

_____

BROMBERG, J.

WE CONCUR:


_____

GREENWOOD, P. J.


_____

CHUNG, J.*


*People v. Navarro*
H052779

_____

&ast; Judge of the Santa Clara County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.